## MARY E. FLYNN vs. CITY OF BOSTON.

Suffolk.    January 27, 1891. — February 27, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, & MORTON, JJ.

*Municipal Corporation — Boundary — Watercourse.*

The boundary line between that part of the city of Boston called Breed's Island
and the town of Revere is, by force of the Prov. St. of 1738–39, c. 17, and the St.
of 1846, c. 127, the middle line of the channel of Belle Isle Creek.

TORT, for personal injuries occasioned to the plaintiff by a
defect in Beachmont Avenue.

At the trial in the Superior Court, before *Pitman*, J., it was
admitted or appeared in evidence that Beachmont Avenue was
a public highway extending from that part of Boston called
Breed's Island to the town of Revere across Belle Isle Creek;
that this creek was a salt water stream from 180 to 190 feet wide
at high water, and at low tide only from three to five feet wide,
having at low water a well defined channel of that width navi-
gable by row-boats; and that the defect in question was located,
and the plaintiff sustained her injuries, at a point on the avenue
between the middle line of the channel of Belle Isle Creek and
the northerly or Revere shore of the same.    The plaintiff con-
tended that the defect was located within the limits of the city ·
of Boston, and requested the judge to rule that the boundary
line between Boston and Revere was on the northerly shore of
Belle Isle Creek, and that the town of Revere did not extend to
the thread of the stream.    The judge refused so to rule, and in-
structed the jury that, for the purposes of this case, the boun-
dary line between Boston and Revere was the thread of the
stream, or the middle of the channel of Belle Isle Creek.

The jury returned a verdict for the defendant; and the plain-
tiff alleged exceptions.

*W. B. Orcutt & E. J. Jenkins*, for the plaintiff.

*T. M. Babson*, for the defendant.

C. ALLEN, J.    When the town of Chelsea was originally cre-
ated, it consisted of "all the lands within the town of Boston

that lie on the northerly and northeasterly side of the harbor,
. . . excepting only the said islands called Noddle's Island and
Hog Island." Hog Island has since been called Breed's Island,
and the portion of Chelsea nearest thereto now forms a part of
the town of Revere; and at the point where the boundary line
is now in controversy, Breed's Island and Revere are separated
by Belle Isle Creek. The land of which Chelsea was originally
composed was described generally as bounded "southerly on
the harbor"; but the boundary line between Chelsea and Hog
Island at the point now in controversy was not upon the harbor,
but was Belle Isle Creek. Prov. St. of 1738–39, c. 17, 2 Prov.
Laws, (State ed.) 969. This results necessarily from excepting
Hog Island from the land set off. Belle Isle Creek is a salt
water creek, 180 or 190 feet wide at high water, but at low
tide only from three to five feet in width, having a well defined
channel of that width, navigable by row-boats at low water.
There was a public highway from Breed's Island, which is a
part of Boston, across Belle Isle Creek to Revere, and it be-
came a question whether the boundary line between Boston and
Revere is in the centre of the creek, or on the northerly or
Revere shore thereof.

Ordinarily, where a stream of water constitutes the boundary
line between two nations, states, or towns, each holds to the
middle of the stream. *Ipswich, petitioners*, 13 Pick. 431, 435.
*Cold Spring Iron Works* v. *Tolland*, 9 Cush. 492. *Harlow* v. *Fisk*,
12 Cush. 302, 306. *Boston* v. *Richardson*, 13 Allen, 146, 157,
158. *State* v. *Canterbury*, 28 N. H. 195. *State* v. *Gilmanton*, 14
N. H. 467. *Handly* v. *Anthony*, 5 Wheat. 374, 379. *Schooner
Fame*, 3 Mason, 147. The convenience of this rule is obvious,
and we find nothing in either of the statutes referred to which
makes it inapplicable to the present case. Prov. St. 1738–39,
c. 17, 2 Prov. Laws, (State ed.) 969. St. 1846, c. 127. The Legis-
lature may fix and change boundaries of towns at will. When
it is found that Belle Isle Creek was by necessary construction
the boundary line between what was left of Boston and the new
town set off from the original territory of Boston, it is not as if
there had been a cession or grant by Boston of the lands beyond
the creek, and we need not inquire what would be the rule in
such a case as that. The boundary line between the two towns

results from the action of the General Court, and there is no presumption to take the case out of the general rule. The instructions to the jury were correct.

*Exceptions overruled.*